4

United States District Court
Southern District of Texas
ENTERED

JUN 2 6 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WELLS FARGO BANK TEXAS, N.A., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-00-094 |
| § | |
| KAYLA FISHERIES, INC., RICARDO § | |
| RIVERA, THREE ISLAND FISHERIES § | |
| INC., M/V MISS KAY and M/V § | |
| NEGRITA, their engines, nets, tackle, § | |
| apparel, appurtenances, etc., in rem, § | |
| § | |
| Defendants. § | |

**ORDER TO ARREST VESSELS AND APPOINTING SUBSTITUTE CUSTODIAN**

1. The United States Marshal for the Southern District of Texas is **ORDERED** to:

   A. Arrest the M/V MISS KAY and M/V NEGRITA, their engines, nets, tackle, apparel, and appurtenances;

   B. Serve a copy of the complaint and the warrant for the seizure on the person in possession of the ships or that person's agent; and,

   C. Return the warrant promptly;

2. Any person claiming an interest in the M/V MISS KAY and M/V NEGRITA, their engines, nets, tackle, apparel, and appurtenances, shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why their arrest should not be vacated or other relief granted.

3. The vessels may be released from seizure without further order of this court if: (a) the United States Marshal receives written authorization from the attorney who requested the seizure that he has conferred with attorneys representing all of the parties to the

1

litigation, including attorneys for any interveners, and they consent to the release; (b) the attorney files the consent; and, (c) the Court has not entered an order to the contrary.

4. Marine Salvage & Services, Inc. of Port Isabel, Texas is hereby **APPOINTED** Substitute Custodian of the M/V MISS KAY and M/V NEGRITA, their engines, nets, tackle, apparel, and appurtenances. Marine Salvage & Services shall maintain the integrity of the vessels while they are in custodia legis.

5. The United States Marshal is **ORDERED** to surrender possession of the vessels to the Substitute Custodian, which is given permission to arrange for their transportation to a location under its control. The United States Marshal will be held harmless for any loss, damage, injury or other damage that might occur to said vessels while under the care of the Substitute Custodian.

6. All reasonable expenses incurred by the Marshal and to be incurred by the Substitute Custodian, including the costs of maintaining adequate port risk insurance on the vessel, electricity, security, routine maintenance and inspection, maintenance of watertight integrity of the vessels, and reasonable rental fees for the slips, are administrative expenses and a first charge on the vessels to be paid from the proceeds of their sale.

7. A copy of this order shall be served on the person in who was in possession of the vessels was they were arrested.

DONE at Brownsville, Texas, this 26 day of June 2000.

Hilda G. Tagle
United States District Judge

2