**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **WELLS FARGO BANK TEXAS, N.A.** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CIVIL ACTION NO. B-00-094** |
| **KAYLA FISHERIES, INC.,  RICARDO** | § | |
| **RIVERA, THREE ISLAND FISHERIES** | § | |
| **INC., M/V MISS KAY and M/V LA** | § | **IN ADMIRALTY** |
| **NEGRITA, their engines, nets, tackle,** | § | |
| **apparel, and furniture, etc.,** *in rem*, | § | |
| **Defendants** | § | |

**PLAINTIFF WELLS FARGO BANK TEXAS, N.A. AND**
**INTERVENORS' ZIMCO MARINE, INC. AND VALLEY ICE & FUEL CO., INC.'S**
**JOINT MOTION FOR DEFAULT JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW Plaintiff, WELLS FARGO BANK TEXAS, N.A.**, and **Intervenors,**

**ZIMCO MARINE, INC.** and **VALLEY ICE & FUEL CO., INC.**, by their attorneys, and file

this their Joint Motion for Default Judgment pursuant to Rule E(9) and state as follows:

1.  Defendants are **KAYLA FISHERIES, INC., RICARDO RIVERA, THREE ISLAND**

**FISHERIES INC., M/V MISS KAY and M/V LA NEGRITA, their engines and nets,**

**tackle, apparel, and furniture, etc.,** *in rem.*

2.  On June 23, 2000, Plaintiff sued Defendants to collect a debt and to foreclose

preferred ship mortgages against the **M/V MISS KAY and M/V LA NEGRITA**.

3.  On June 26, 2000, Defendant **RICARDO RIVERA**, individually and as registered

agent of **KAYLA FISHERIES, INC.** and **THREE ISLAND FISHERIES INC.** was served

with summons and copies of Plaintiff's Complaint by personal service by a Deputy U.S.

Marshal.  Defendants did not file responsive pleadings or otherwise defend the suit.

4.  On or about July 31, 2000 Intervenor **ZIMCO MARINE, INC.** filed its Complaint in intervention to enforce its maritime lien for necessaries.

5.  On or about July 31, 2000 Intervenor **VALLEY ICE & FUEL CO., INC.** filed its Complaint in intervention to enforce its maritime lien for necessaries and hereby withdraws its claim.

6.  On February 3, 2003, Plaintiff filed its Request to the Clerk for Entry of Default against Defendants for failure to file responsive pleadings or otherwise defend the suit.

7.  On February 5, 2003, the clerk issued its Entry of Default against Defendants because Defendants were found to have been properly served and thereafter failed to file responses to Plaintiff's or Intervenors' Complaints.

### B.  Argument & Authorities

6.  Plaintiff and the remaining Intervenor are, therefore, entitled to default judgment.

7.  Pursuant to Local Rule 5.6, Defendants are being served with a copy of this motion for default judgment by certified mail (return receipt requested).

8.  The damages set forth in Plaintiff's complaint are liquidated and proved by affidavit, attached as **Exhibit "A"**.  The Intervenor **ZIMCO MARINE, INC.**'s claim is liquidated and proved by its verified Original Complaint in Intervention.

9.  Plaintiff is entitled to post judgment interest at the contracted rate in the promissory note, the maximum rate allowed by law, that rate being the lesser of the rate specified in the promissory note, which may be a variable rate, or 18% per year.  Texas Finance Code, §304.002.  *Hymel v. UNC, Inc.,* 994 F.2d 260 (5th Cir. 1993) and *In re Lift Equipment Service, Inc.,* 816 F.2d 1013 (5th Cir. 1987, *modified on rehearing,* 819 F.2d

546 (5th Cir. 1987). The Renewal and Modification Note specifies "[t]he maximum legal rate allowed by State and Federal law."

10. Intervenor **ZIMCO MARINE, INC.** is entitled to post judgment interest at the contracted rate of twelve (12%) percent per year.

## C. Conclusion

11. Plaintiff and Intervenor request Default Judgment for the relief requested in their respective Complaints.

## D. Prayer

12. For these reasons, Plaintiff, **WELLS FARGO BANK TEXAS, N.A.**, a national banking association and Intervenor **ZIMCO MARINE, INC.**, pray for the entry of the following findings and orders:

A.      default judgment against **KAYLA FISHERIES, INC., RICARDO RIVERA,** individually, and **THREE ISLAND FISHERIES INC.,** *in personam*, **M/V MISS KAY and M/V LA NEGRITA, their engines and nets, tackle, apparel, and furniture, etc.,** *in rem.*, in favor of Intervenor, **ZIMCO MARINE, INC.** in the amount of $6,192.87 plus interest at the contractual rate of twelve (12%) percent per annum;

B.      default judgment against **KAYLA FISHERIES, INC., RICARDO RIVERA,** individually, and **THREE ISLAND FISHERIES INC.,** *in personam*, **M/V MISS KAY and M/V LA NEGRITA, their engines and nets, tackle, apparel, and furniture, etc.,** *in rem.*, in the amount of $60,470.09 plus interest in the amount of $37,742.06 through June 28, 2004 and such interest as may accrue at the rate provided by the Note, presently at the rate of $21.12 per day until the date of judgment and post judgment interest as may accrue at the rate provided by the Note, and attorney's fees in the amount of $14,731.82;

C.      default judgment against **KAYLA FISHERIES, INC., RICARDO RIVERA,** individually, and **THREE ISLAND FISHERIES INC.,** *in personam*, **M/V MISS KAY and M/V LA NEGRITA, their engines and nets, tackle, apparel, and furniture, etc.,** *in rem.*, for costs of court;

D.      that funds deposited in the registry of the court from the sale of the **M/V MISS KAY** and **M/V LA NEGRITA** in the amount of $20,000.00 plus any accrued interest be first applied toward payment of US Marshal's fees and expenses, other costs of court, and the fees and expenses of the substitute custodian up to the amount of

$19,343.82, and any remaining balance be paid over to Intervenor **ZIMCO MARINE, INC.** up to the amount of its judgment and then to Plaintiff **WELLS FARGO BANK TEXAS, N.A.** in satisfaction or partial satisfaction of the judgment

E.    that any additional funds on deposit including the $10,000.00 deposited by Plaintiff with the U S Marshal's office on June 26, 2000, whether presently in the court registry or with the U S Marshal be returned to Plaintiff.

Dated: _____, 2004.

Respectfully submitted,

By:_____
T. Mark Blakemore
SBN 02431800 • Federal ID No. 1915

Attorney for **WELLS FARGO BANK TEXAS, N.A.**

T. MARK BLAKEMORE
Attorney, Counselor and Mediator
835 E. Levee St., Sixth Floor
Brownsville, TX 78520-5101
(956) 541-5900-telephone
(956) 541-5905-facsimile
E-mail: tmblakemore@tmb-atty.com

By:_____
Tom Fleming
Federal ID No. 1188 • State Bar No. 07133000

Attorneys for **ZIMCO MARINE, INC.**

Fleming & Hernandez, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78520
(956) 982-4404-telephone
(956) 982-0973-facsimile

By:_____
T. Mark Blakemore for Dennis Sanchez
By permission
Federal ID No. 1594 • State Bar No. 17569600

Attorneys for **VALLEY ICE & FUEL, INC.**

Sanchez, Whittington, Janis & Zabarte, LLP
100 North Expressway 83
Brownsville, Texas 78521
(956) 546-3731- telephone
(956) 546-3465/66-facsimile

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to the Federal Rules of Civil Procedure 5(b), on the 6th day of July, 2004, a true and correct copy of the foregoing pleading was served upon defendants in the manner indicated below:

*Via U.S. Certified Mail, RRR#7003 0500 0003 2609 9758*
**RICARDO RIVERA**, Individually and as registered agent for
**KAYLA FISHERIES, INC. and THREE ISLAND FISHERIES INC.**
P O Box 1279
Port Isabel, Texas 78578-1279

T. Mark Blakemore

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **WELLS FARGO BANK TEXAS, N.A.** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | **CIVIL ACTION NO. B-00-094** |
| **KAYLA FISHERIES, INC., RICARDO** | § | |
| **RIVERA, THREE ISLAND FISHERIES** | § | |
| **INC., M/V MISS KAY and M/V LA** | § | *IN ADMIRALTY* |
| **NEGRITA, their engines, nets, tackle,** | § | |
| **apparel, and furniture, etc., *in rem*,** | § | |
| **Defendants** | § | |

**AFFIDAVIT OF PLAINTIFF WELLS FARGO BANK TEXAS, N.A.**
**IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

1.      I am a Senior Vice President of **WELLS FARGO BANK TEXAS, N.A.,** Plaintiff in this matter.

2.      Defendants are indebted under a promissory note to Plaintiff in the principal amount of $60,470.09.

3.      Defendants owe accrued interest in the amount of $37,742.06 through June 28, 2004 and such interest as may accrue at the rate provided by the Note, presently at the rate of $21.12 per day until the date of judgment and post judgment interest as may accrue at the rate provided by the Note, the maximum rate allowed by State and Federal law, 18.00% until paid.

**EXHIBIT A**
**Page 1 of 2**

4.    As previously agreed by contract, Plaintiff is entitled to recover from Defendants its attorneys' fees in connection with the collection of said promissory note and foreclosure of its preferred mortgage in the amount of $14,731.82, 15% of the total amount due Plaintiff by Defendants of $98,212.15, plus expenses and costs of court.

FURTHER AFFIANT SAITH NOT.

Dated:    _June 29_____ , 2004

WELLS FARGO BANK TEXAS, N.A.



By: _____
Raymond Cisneros, Senior VP

SWORN TO AND SUBSCRIBED BEFORE ME by the said, Raymond Cisneros, Senior Vice President of **WELLS FARGO BANK TEXAS, N.A.** which witness my hand and seal of office this _29th_ day of June, 2004.

_____
Notary Public, State of Texas

GUADALUPE JIMENEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. Dec. 27, 2004

---

Affidavit of Plaintiff Wells Fargo Bank Texas, N.A. in Support of Motion for Default Judgment    Page 2 of 2
w:\01629\Affidavit in Support Motion for Default Judgment 20040628  TMB/vpg

**EXHIBIT A**
**Page 2 of 2**